# NATIONAL CITIZENS BANK OF MANKATO v. M. E. BAB-COCK and Others.[1]

February 17, 1911.

Nos. 16,962—(253).

**Evidence sufficient to support finding.**

The evidence was sufficient to warrant a finding that appellant, Hoerr, agreed to credit a stipulated amount on certain mortgage notes, in consideration of the relinquishment of all interest in a timber contract which had been assigned to him by defendant Babcock.

**Statute of frauds.**

Such agreement was not the purchase of an interest in real estate, and for that reason void under the statute of frauds.

Action in the district court for Steele county against M. E. Babcock and his wife, Daniel T. Bowen and William G. Hoerr, to determine the indebtedness of defendants Babcock and Bowen to plaintiff bank, the priority of liens upon certain premises in Aitkin county and the amount due on each, and that, subject to all such liens prior to that of plaintiff's, the premises be sold at mortgage foreclosure sale under direction of court; that plaintiff be allowed to redeem the premises from the lien of the mortgage executed by defendants Babcock to the Hill City Land, Loan & Lumber Company; that defendants and all persons claiming under them be forever barred of all right, title or interest in and to the premises, save only the right of redemption provided by law. The defendants Babcock did not appear. The separate answer of defendant Hoerr alleged that he was assignee of the mortgage described above and there was due him the sum of $3,400 thereon, and that the mortgage of $200 with interest was still unpaid. The reply was a general denial. The facts are stated in the opinion.

The case was tried before Buckham, J., who made findings of fact and as conclusion of law found that the note in suit was the joint

[1] Reported in 129 N. W. 1045.

and several note of defendants M. E. Babcock and Daniel T. Bowen; that the deed from Babcock to Bowen operated to secure Bowen as a surety on the note signed by him; that by his deed to the bank he duly assigned such equitable mortgage to the bank which held it as security for the payment of the note; that the sum of $200 was due upon the mortgage from defendants Babcock to Hoerr, and $2,450 upon the mortgage to the Hill City Land, Loan & Lumber Company; that plaintiff was entitled to foreclosure of its mortgage, subject to the prior lien of the Hill City mortgage. From the judgment entered pursuant to the findings, defendant Hoerr appealed. Affirmed.

*H. L. & J. W. Schmitt,* for appellant.

*S. B. Wilson,* for respondent.

LEWIS, J.

Action for an accounting, to determine the amount of debt, to foreclose the mortgage given as security, to have prior liens determined, and for leave to redeem from a prior mortgage. The court found that on the twenty-sixth of January, 1905, Babcock executed and delivered to plaintiff his promissory note for $2,000, due in six months; that Bowen signed the note as surety, and in order to secure him for so doing Babcock conveyed to him by warranty deed certain real estate in Aitkin county, subject to a mortgage of $3,450 to the Hill City Land, Loan & Lumber Company; that, after deeding the land to Bowen, Babcock entered into a contract with Monks & McKinley, of date December 16, 1905, for the cutting, removal, and sale of the timber thereon; that on the twelfth of January, 1906, the Hill City Land, Loan & Lumber Company assigned its mortgage to defendant Hoerr, and at the same time Babcock assigned to him the timber contract, and also executed and delivered to Hoerr a mortgage of $200 on the same land. This arrangement was entered into between Babcock and Hoerr for the purpose of having the cedar cut and the proceeds applied on the mortgage. Hoerr then consented to the cutting and sale of the timber. It was cut and sold, the proceeds paid to Hoerr, Bowen conveyed the land to plaintiff, this action was commenced, and all the issues were found in favor of plaintiff.

Hoerr alone appealed, and the only question in the case is whether there is sufficient evidence to support the following finding of fact: "That after a considerable amount of timber had been cut and removed under the contract between the defendant Babcock and said Monks & McKinley, the defendant Babcock sold to the defendant Hoerr all his interest in such contract and in the timber cut thereunder for the sum of $1,225, which was to be applied as follows: $225 on the interest then due on the mortgage purchased by said Hoerr, and $1,000 for the surrender and cancellation of the $1,000 note first due on such mortgage—but that defendant Hoerr has at all times refused to make such application or to surrender such note." If the evidence warranted the court in finding that Hoerr agreed to settle with Babcock for $1,225, and credit the Hill City mortgage with that amount, then plaintiff was entitled to have the credit applied as of the proper date.

The evidence was conflicting. Mr. Hoerr testified that Monks & McKinley borrowed money from the bank to pay the expenses of carrying out the contract, and that all the proceeds from the timber were absorbed to pay expenses; that he received no money to apply on the mortgage. He admitted that Babcock made him a proposition to pay $1,225 on the Hill City mortgage and take all the proceeds from the timber contract; but he denied that he ever accepted it, although he took the matter under consideration. There were certain admissions, however, which indicated that he had agreed to it. That amount, $1,225, was claimed by plaintiff and by Babcock to be the amount to be credited. If Mr. Hoerr never expressly accepted the offer, he did not expressly refuse it. Babcock dropped out, and Hoerr assumed complete control, but never rendered any account, and required no accounting from Monks & McKinley. Acceptance of a proposition by conduct may be as effective as by a formal declaration.

This agreement was merely the transfer, by Babcock to Hoerr, of his interest in the contract, and was not the purchase of an interest in real estate, and void under the statute of frauds.

Affirmed.

JAGGARD, J., took no part.